UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE STEVEN BRYANT,

    Plaintiff,        Case Number: 2:17-cv-11950
                              HON. GEORGE CARAM STEEH

v.

ST. LOUIS CORRECTIONAL
FACILITY WARDEN, ET AL.,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Terence Steven Bryant is presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff has filed a *pro se* complaint challenging his confinement. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1). The Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff's claims are barred by *Heck v.*

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

-1-

*Humprhey*, 512 U.S. 477 (1994).

**I.     Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). **Discussion**

Plaintiff's complaint concerns his 2000 convictions for kidnapping and assault with intent to do great bodily harm less than murder for which he is serving terms of four to twenty years' imprisonment and eighteen to thirty years' imprisonment. Plaintiff seeks immediate release from incarceration on the grounds that the evidence does not support his kidnapping conviction and that his mental illness explains the conduct underlying his convictions.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated. *Id.* at 486-87. Plaintiff seeks release from continued custody. This claim is not

properly filed under § 1983.

## II. Conclusion

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED.**

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

Dated: August 22, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2017, by electronic and/or ordinary mail and also on Terence Bryant #316676, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk